IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATHANAHEL ARROYO-MARTINEZ ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> LUISA I. FELICIANO-AUDIFFRED ET AL., <br><br> Defendants. | CIV. NO.: 19-1591 (SCC) |

**OPINION AND ORDER**

Plaintiffs Nathanahel Arroyo-Martínez, Yasmín Acosta-Román, and the Conjugal Partnership Arroyo-Acosta filed suit against Defendants Luisa I. Feliciano-Audiffred[1], Lisa Gonzalez, Marilyn Acevedo and Samuel Delgado for alleged violations of 42. U.S.C. §§ 1983, 1985 and 1986, as well as Plaintiff Arroyo-Martinez's equal rights under the Fourteenth Amendment; retaliation under Title VII; and for several Puerto Rico state law claims. *See* Docket No. 29. Defendants filed a Motion to Dismiss all of Plaintiffs' claims, and Plaintiffs

---

[1] Plaintiffs also name Defendant Feliciano-Audiffred's spouse, "Mr. A," and their conjugal partnership as parties to this action.

opposed.[2] *See* Docket Nos. 30, 49. Defendants replied to Plaintiffs' Opposition at Docket Number 52.

For the reasons stated herein, Defendants' Motion to Dismiss is GRANTED. All of Plaintiffs' federal-law claims in the Amended Complaint are dismissed with prejudice, and the remaining state-law claims are dismissed without prejudice.

## I.  Factual and Procedural Background

According to the allegations in the Amended Complaint, Plaintiff Nathanahel Arroyo-Martínez was a teacher at the Manuel Méndez-Liceaga Vocational School ("Manuel Méndez") in San Sebastián, Puerto Rico at the time of the relevant events. Docket No. 29, pg. 3. Defendant Luisa I. Feliciano-Audiffred is the director of Manuel Méndez, while Defendants Marilyn Acevedo, Lisa González and Samuel Delgado are members of its School Council. Plaintiff Yasmín Acosta-Román is the wife of Plaintiff Arroyo-Martínez. *Id.* at pgs. 3-5.

Before beginning his career as a teacher, Plaintiff was convicted of attempted robbery, larceny and drug possession. *Id.* at ¶ 2. He later had his record expunged under Puerto Rico law and obtained his bachelor's degree in industrial vocational education, as well as his teaching certificate from

---

[2] Plaintiffs' Opposition to Defendants' Motion to Dismiss – the half of which is a copy-and-paste of the first half, is twenty-eight pages long, far exceeding the fifteen-page limit imposed by Local Civil Rule 7(d) for oppositions. Going forward, the Court will strictly enforce all page limits laid out in the Local Civil Rules of this District.

the Puerto Rico Department of Education ("PRDOE"). *Id.* at ¶¶ 3-4. He began working at the Salvador Fuentes Valentín Vocational School in Aguadilla, Puerto Rico in 2010. *Id.* at ¶ 8. However, according to Plaintiffs, the director of Salvador Fuentes Valentín began harassing Plaintiff Arroyo-Martínez in 2015, allegedly due to Plaintiff Arroyo-Martínez's past criminal record. *Id.* at ¶ 9. Plaintiff Arroyo-Martínez filed a labor harassment complaint against the director, and in 2016 Plaintiff Arroyo-Martínez was terminated from his position. *Id.* According to Plaintiffs, he then exhausted all administrative remedies with the PRDOE for his alleged "unlawful and discriminatory" termination. *Id.* at ¶ 10.

After no resolution was reached with the PRDOE, Plaintiff Arroyo-Martínez filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* In August of 2018, the PRDOE hired Plaintiff Arroyo-Martínez once again as a vocational teacher, this time at Manuel Méndez. *Id.* at ¶ 11. Plaintiffs allege that it was there that Defendants began their campaign of discrimination, either because of his criminal record or as retaliation for having "engaged in protected activities under Title VII of the Civil Rights Act." *Id.* at ¶¶ 12-13. The listed acts of discrimination comprise: excluding Plaintiff Arroyo-Martínez from school activities, not providing him with adequate information or support to participate in official extracurricular activities with his students by imposing restrictions not imposed onto other

faculty members, hiding official and public information, removing materials from Plaintiff Arroyo-Martínez's classroom and denying his numerous petitions for activities. *Id.* at ¶ 13.

Plaintiffs further allege that on April 4, 2019, Defendant Delgado falsely claimed that Plaintiff Arroyo-Martínez "made a statement that he wanted to buy a gun, shoot a couple of teachers at the school and then shoot himself." *Id*. at ¶ 14. They also allege that on May 8, 2019, Defendant Feliciano-Audiffred obtained an ex-parte restraining order against Plaintiff Arroyo-Martínez, which was later removed, in order to keep him away from his students and thus give herself cause to give him a negative evaluation of his job performance. *Id.* at ¶¶ 15-17.

Following these events, Plaintiff Arroyo-Martínez had his contract with Manuel Méndez extended for three additional years. *Id.* at ¶ 18. However, shortly after the beginning of the 2019-2020 school year, he was ordered to go to the Mayagüez Regional Office, where he was told that the PRDOE had placed him under "precautionary measures," resulting in his placement in a different school to perform nonacademic work due to several complaints against him. *Id.* at ¶¶ 19-20. Plaintiff Arroyo-Martínez filed an injunction against the PRDOE in state court but is currently employed at the new unnamed school. *Id.* at ¶ 22-23.

## II. Analysis

A. *12(b)(6) Motion to Dismiss Standard*

Defendants seek to dismiss Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The First Circuit has devised a two-step analysis for considering a Rule 12(b)(6) motion to dismiss under the context-based "plausibility" standard established by the Supreme Court. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (discussing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz c. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). While a complaint need not give detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79.

Second, the court must then "take the complaint's well-[pleaded] (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55. Plausible means something more than merely possible, an assessment the court makes by drawing on its judicial experience and common sense. *Id*. (citing *Iqbal*, 556 U.S. at 678-79). To survive a Rule 12(b)(6) motion, a plaintiff must allege

more than a mere "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. However, the Supreme Court has clarified that it does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

B.  *§ 1983 Claims*

Before delving into the merits of Plaintiffs' claims under 42 U.S.C. § 1983, we first address the standing of the Plaintiffs who do not claim any discrimination against them by Defendants, namely Yasmin Acosta-Roman, the spouse of Plaintiff Nathanahel Arroyo-Martínez; and the Conjugal Partnership Arroyo-Acosta.[3] Article III of the U.S Constitution confers standing to sue in federal court on those who have suffered an "injury in fact to a cognizable interest" that is "causally connected to the challenged conduct." *Pagán*, 448 F.3d at 27. The concept of a conjugal partnership is recognized only in a small number of jurisdictions, including Puerto Rico, and embodies the community property of a marriage. *See Rodríguez Hernández v. Almodóvar*, 631 F. Supp. 960, 961 (D.P.R. 1986). Spouses and conjugal partnerships only have standing to sue under § 1983 when the allegedly unconstitutional conduct was directed at the spouse, the

---

[3] Defendants do not challenge the standing of these Plaintiffs to bring an action under § 1983; the Court considers their standing *sua sponte*. *See Pagán v. Calderon*, 448 F.3d 16, 26 (1st Cir. 2006) ("A federal court must satisfy itself as to its jurisdiction, including a plaintiff's Article III standing to sue, before addressing his particular claims, regardless of whether the litigants have raised the issue of standing.").

Case 3:19-cv-01591-SCC    Document 73    Filed 08/03/20    Page 7 of 21

ARROYO-MARTINEZ ET AL. v. FELICIANO-                                    Page 7
AUDIFFRED ET AL.

conjugal partnership or the familial relationship. *See  Robles–Vazquez v. Tirado Garcia,* 110 F.3d 204, 206 n.4 (1st Cir. 1997); *Cotto v. Municipality of Aibonito,* No. 10–2241, 2012 WL 1110177, at *4 (D.P .R. Apr. 2, 2012) (internal citations omitted). Plaintiffs fail to plead that Defendants directed their allegedly unconstitutional conduct at Ms. Acosta-Román or the Conjugal Partnership Arroyo-Acosta. Therefore, we find that Plaintiffs Yasmín Acosta-Román and the Conjugal Partnership Arroyo-Acosta lack standing to bring an action against Defendants under § 1983, and our analysis of the claims made under that section is limited to those brought by Plaintiff Nathanahel Arroyo-Martínez, who does allege direct discrimination by Defendants in the Amended Complaint. *See* Docket No. 29.

Defendants argue that they are protected against Plaintiffs' § 1983 claims for money damages by the doctrine of sovereign immunity. However, because we find that Plaintiff Arroyo-Martínez has failed to state a valid § 1983 claim upon which relief can be granted, we need not reach the merits of Defendants' sovereign immunity defense.[4] *See Mulero-Carrillo v. Román-Hernández,* 790 F.3d 99, 105 (1st Cir. 2015) ("[I]t is well-established under First Circuit precedent that federal courts may resolve a case on the merits in favor of a state without first resolving any Eleventh Amendment

---

[4] Similarly, because we dismiss all of Plaintiff claims on the merits, we need not analyze Defendants' qualified immunity defense. *See* Docket No. 30, pgs. 14-15.

issues the state raises." (quoting *Brait Builders Corp. v. Mass,
Div. of Capital Asset Mgmt.*, 644 F.3d 5, 11 (1st Cir. 2011))).

Section 1983 provides redress against a person who, acting
under color of state law, deprives another person of any
federal constitutional or statutory right. 42 U.S.C. § 1983. That
section creates no independent substantive rights, "but rather
provides a cause of action by which individuals may seek
money damages for governmental violations of rights
protected by federal law." *Cruz-Erazo v. Rivera Montanez*, 212
F.3d 617, 621 (1st Cir. 2000). Thus, to state a claim under §
1983, a plaintiff must allege "(1) the violation of a right
protected by the Constitution or laws of the United States and
(2) that the perpetrator of the violation was acting under color
of law." *Id.; see also Freeman v. Town of Hudson*, 714 F.3d 29, 37
(1st Cir. 2013).

In their Amended Complaint, Plaintiffs mention § 1983
only once, and do not clarify which substantive right they are
using this provision to vindicate. Docket No. 29, pg. 2 ("This
action is brought pursuant to 42 USC § 1983 (because
defendants have acted under color of their legal authority as
School Director or as members of the School Council) . . ..").
Therefore, on its face, the Amended Complaint patently fails
to state a plausible § 1983 claim for which relief can be
granted.

Further exacerbating this deficiency are the contradictory and unclear statements made in their subsequent and less-than-pellucid pleadings. In the Amended Complaint, Plaintiffs allege, separate from their § 1983 claim, that Defendants violated their equal protection rights guaranteed under the Fourteenth Amendment. Docket No. 29, pg. 3. However, in their Opposition to Defendants' Motion to Dismiss, Plaintiffs seem to allege that the Fourteenth Amendment equal protection violations serve as the basis for the § 1983 claim, while at the same time inexplicably abandoning their § 1983 claims. Docket no. 49, pg. 6 ("In our proposed amended complaint we eliminate the references to 42 USC 1983. However, we have to clarify that the defendants are violating plaintiff's right to equal protection of the law."). Despite this confusion and indulging all reasonable inferences in Plaintiffs' favor at this early stage in the litigation, even if we assume that they properly pleaded that the Equal Protection Clause of the Fourteenth Amendment serves as the substantive right that they are utilizing § 1983 to vindicate, Plaintiffs allegations still come up short.

The Equal Protection Clause prohibits the state from "deny[ing] any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To succeed on a claim of discriminatory treatment under the Equal Protection Clause, a plaintiff must show that the defendant intentionally treated plaintiff differently than

others similarly situated, and that treatment was at least in part of plaintiff's membership in an identifiable group. *See In re Subpoena to Witzel*, 531 F.3d 113, 118-19 (1st Cir. 2008) (citing *Wayte v. United States*, 470 U.S. 598, 610 (1985)). Such an identifiable group may be based on "race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 9 (1st Cir. 2007) (quoting *Rubinovitz v. Rogato*, 60 F.3d 906, 910 (1st Cir. 1995)). Where, as here, a fundamental right is not implicated, or the plaintiff does not claim to belong to a suspect classification, analysis of the complained-of conduct requires only rational basis review. *See Mulero-Carrillo*, 790 F.3d at 106 (citing *González-Droz v. González-Colón*, 660 F.3d 1, 9 (1st Cir. 2011)).

Here, Plaintiffs seem to allege both that former criminal offenders should be a protected class under the Equal Protection Clause and, separately, that Plaintiff Arroyo-Martínez was treated differently than other teachers for having filed the complaint with the EEOC, which is protected conduct under Title VII. *See* Docket No. 49, pgs. 6-8. Their Equal Protection Clause claims fail on both accounts.

First, while Plaintiffs invite the Court to consider "criminal ex-offenders" as a protected class under the Equal Protection Clause, we decline to rewrite fundamental constitutional law by doing so. Second, Plaintiffs have failed to allege with any specificity how Plaintiff Arroyo-Martínez was treated

differently than other teachers similarly situated, the very crux of an Equal Protection claim. While there is no formula for determining whether individuals are similarly situated, the standard is "whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." *Barrington Cove Ltd. Partnership v. Rhode Island Housing and Mortg. Finance Corp.*, 246 F.3d 1, 8 (1st Cir. 2001). Plaintiffs make no attempt to cite to other teachers who are similarly situated to Plaintiff Arroyo-Martínez, much less to how those teachers were treated differently by Defendants.[5] *See Pagán*, 448 F.3d at 35 (dismissing an equal protection claim under Rule 12(b)(6) in part because the plaintiff failed to allege how other parties were similarly situated nor how such parties may have received differential treatment). In the Amended Complaint, Plaintiffs state that Defendants imposed restrictions on Plaintiff Arroyo-Martínez that were not imposed on other faculty members but does not elaborate to any extent as to how those faculty members were similarly situated. *See Barrington Cove*, 246 F.3d at (1st Cir. 2001) (requiring that plaintiff allege, *inter alia*, how others were similarly situated "in all relevant respects"). Merely stating in a conclusory manner that the Defendants "conspired to treat

---

[5] While Plaintiffs do list specific ways in which Defendants allegedly retaliated against Plaintiff Arroyo-Martínez for filing a claim with the EEOC, they fail to allege how such treatment differed from the treatment of other teachers in as similar position, thus conflating his Equal Protection Clause claims and his Title VII retaliation claims.

plaintiff [Arroyo-Martínez] differently from other teachers because he has filed EEOC charges against the school and its principal," without more, does not push Plaintiffs' Equal Protection claims under § 1983 past the Rule 12(b)(6) threshold. *See* Docket No. 29, pg. 3; *Iqbal*, 556 U.S. at 678-79.

Thus, even viewing Plaintiffs' allegations in the light most favorable to them, they have failed to allege a violation of Plaintiff Arroyo-Martínez right to equal protection and consequently have not adequately stated a cognizable § 1983 claim. Accordingly, assuming Plaintiffs have not already abandoned them, all § 1983 claims by all Plaintiffs against all Defendants are dismissed.[6]

C. *Conspiracy Claims*

In the Amended Complaint, Plaintiffs make passing reference to 42 U.S.C. § 1986, the enforcement provision of 42 U.S.C. § 1985.[7] Docket No. 29, pg. 2. Defendants, generously arguing that Plaintiffs made conspiracy claims under § 1985 and § 1986, move to dismiss any such claims. Only after Defendants make this argument do Plaintiffs slightly elaborate on their conspiracy claims, arguing in their Opposition that the Amended Complaint sufficiently alleges that "defendants conspired to violate plaintiff's civil rights based on an animus of revenge against him after he filed discrimination actions against the school director and the

---

[6] To the extent that Plaintiffs allege Equal Protection claims independent of § 1983, those claims are dismissed for the same reasons, *supra*.
[7] Plaintiffs do not cite to § 1985 nor its language in the Amended Complaint.

Case 3:19-cv-01591-SCC    Document 73    Filed 08/03/20    Page 13 of 21

ARROYO-MARTINEZ ET AL. v. FELICIANO-                          Page 13
AUDIFFRED ET AL.

Department of Education." Docket No. 49, pg. 21. We disagree.

To state a claim under § 1985(3), a plaintiff must allege:

> the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege.

*Aulson v. Blanchard*, 83 F.3d 1, (1st Cir. 1996). Section 1986 imposes liability on any person having knowledge of the conspiracy under § 1985 and failing to prevent the same. 42 U.S.C. § 1986. Plaintiffs fail to plead virtually all the elements of a § 1985 claim. In our view, Plaintiffs merely tacked on the conspiracy allegation in an attempt include as many claims as possible, not even citing to the correct statutory provision in doing so. Thus, due to this deficiency, and to the extent that they even plead them, Plaintiffs' § 1985 and § 1986 claims are dismissed.

D. *Title VII Claims*

Before assessing the substance of Plaintiffs' Title VII claims, we must first address who may bring such a claim and against whom that claim may be brought.[8] This District has

---

[8] Again, the parties have not raised the issue of standing as to any particular claim. However, in order to satisfy itself as to its jurisdiction over all parties and all claims, the Court raises this issue *sua sponte*. *See Pagán*, 448 F.3d at 26.

held that "[t]hough Congress intended Title VII to provide a
broad foundation to remedy employment discrimination, it
did not intend to provide a remedy to a spouse of a plaintiff
having no employment connection with the employer." *Díaz-
Romero v. Ashcroft*, 742 F. Supp. 2d 156, 162 (D.P.R. 2007); *see
also* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful
employment practice for an *employer* to discriminate against
any of his *employees* . . ." (emphasis added)). Consequently,
Plaintiff Yasmín Acosta-Román and the Plaintiff Conjugal
Partnership Arroyo-Acosta, Defendant Mr. A (husband of
Defendant Luisa Feliciano-Audiffred) and the Defendant
Conjugal Partnership are all dismissed because no employee-
employer relationship exists between these or any other of the
parties, a necessary element of a Title VII claim.

As another threshold issue, Title VII does not permit suits
against employers in their personal capacities. *See Fantini v.
Salem State Coll.*, 557 F.3d 22, 30 (1st Cir. 2009). Thus, to the
extent that Plaintiffs bring their Title VII claims against any of
the Defendants' in their personal capacities, those claims are
dismissed with prejudice.

Having clarified these initial jurisdictional issues, we now
turn to the merits of the Title VII claim by the only plaintiff
that falls within the definition of "employee," Plaintiff
Arroyo-Martínez, against the remaining "employer"

Defendants. To establish a *prima facie* case of retaliation[9] under Title VII, the plaintiff must show that "(1) she engaged in protected conduct; (2) she was subjected to an adverse employment action; and (3) the adverse employment action is causally linked to the protected conduct." *Rivera-Rivera v. Medina & Medina, Inc.*, 898 F.3d 77, 94 (1st Cir. 2018). For purposes of a retaliation action, "a plaintiff need only 'show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Rodriguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico*, 743 F.3d 278, 284 (1st Cir. 2014) (quoting *Burlington Northern & Sana Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006)). In other words, a claim meets the standard of material adversity if "[a] reasonable person might well decide it is not worth suing to obtain such employment if she knew that, once she obtained it, she would be subjected to the actions alleged in the complaint." *Id.* at 285.

Plaintiff Arroyo-Martínez undisputedly engaged in protected conduct when he filed charges of discrimination with the EEOC. *See Noviello v. City of Boston*, 398 F.3d 76, 88 (1st Cir. 2005) (explaining that Title VII makes it "unlawful for

---

[9] We note that the *prima facie* case is "a flexible evidentiary standard," not a "rigid pleading standard," and Plaintiffs need not perfectly establish each prong in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). "The plausibility standard governs on a motion to dismiss," meaning the requirement is that, "in sum, the allegations of the complaint make the claim as a whole at least plausible." *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 24 (1st Cir. 2014) (quoting *Ocasio-Hernández*, 640 F.3d at 14-15).

employers to retaliate against persons who complaint about
unlawfully discriminatory employment practices"); 42 U.S.C.
§ 2000e-3(a). Rather, Defendants argue that Plaintiff Arroyo-
Martínez was not subject to an adverse employment action
within the meaning of the section, or that any adverse
employment action was not causally linked to the protected
conduct. *See* Docket No. 30, pgs. 7-12.

Defendants attempt to make the case that Plaintiffs have
not sufficiently pled how Plaintiff Arroyo-Martínez was
materially adversely affected by Defendants' actions. *See*
Docket No. 30, pg. 9. We disagree. Plaintiffs list several
examples of adverse employment actions against Plaintiff
Arroyo-Martínez by Defendants, including denial of access to
his classroom and participation in extracurricular activities,
what he describes as a baseless restraining order request
meant to keep him away from his teaching position and
allegedly defamatory statements made to discredit him. At
this early stage in the litigation, such facts are sufficient to
establish that Plaintiff Arroyo-Martínez faced adverse
treatment for purposes of a Title VII retaliation claim.[10] *See*
*Garayalde-Rijos*, 747 F.3d at 24; *Rodríguez-Vives*, 743 F.3d at 54

---

[10] Defendants argue that Plaintiffs should be required to describe "what materials
were removed from his classroom and how their removal impeded him to properly
teach his students," as well as "how the denial of his participation on [*sic*] school's
activities affected his employment benefits, salary, conditions, or his willingness
to file another charge before the EEOC." Docket No. 30, pg. 8. Our cases do not
require such detail to survive a Rule 12(b)(6) motion to dismiss. *See Rodríguez-
Reyes v. Molina-Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013) (explaining that to
meet the Rule 12(b)(6) plausibility standard, "there is no need to set forth a
detailed evidentiary proffer in a complaint").

(clarifying that plaintiffs need not "allege every fact necessary
to win at trial" in order to survive a Rule 12(b)(6) motion to
dismiss).

However, we find that Plaintiff has not provided sufficient
non-conclusory facts that would indicate a causal nexus
between Defendants' alleged behavior and the legally
protected activity of filing the EEOC complaint, rendering a
claim of retaliation implausible. First, Plaintiffs do not even
allege that Defendants were aware of the fact that Plaintiff
Arroyo-Martínez had filed the EEOC complaint at his prior
school. *See Planadeball v. Wyndham Vaction Resorts, Inc.*, 793
F.3d 169, 177-78 (1st Cir. 2015) (finding that plaintiff's
retaliation claim failed in part because Even if they had been
aware, Plaintiffs plead no facts indicating that Defendants'
actions had any relation to the EEOC complaint. Plaintiffs
merely state in a conclusory manner that Defendants
retaliated against Plaintiff Arroyo-Martínez "solely because
he had engaged in protected activity under Title VII of the
Civil Rights Act."[11] Docket No. 30, ¶ 12.

Ignoring these conclusory statements and considering the
remaining well-pled facts of the Amended Complaint,

---

[11] Elsewhere in the Amended Complaint, Plaintiffs also allege that Defendants'
discriminatory behavior was due to their prejudice against Plaintiff Arroyo-
Martínez for having an (expunged) criminal record. *See* Docket No. 29, ¶ 13. To
the extent that Plaintiffs' Title VII claim is based on such prejudice, that claim is
not cognizable, for individuals with a criminal record are not a protected class
under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination by
employers against their employees based on "race, color, religion, sex, or national
origin").

Plaintiffs do not "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This conclusion is bolstered by a simple common-sense analysis: what reason would Defendants have to retaliate against Plaintiff Arroyo-Martínez for filing a wrongful termination claim with the EEOC against a different school and different directors, to which Defendants have no known connection? *Cf. Garaylde-Rijos*, 747 F.3d at 24-25 (finding that a "common-sense, plausible reading" of the complaint established retaliation where the defendant was the employer both before and after she filed her charges against that employer with the EEOC). Plaintiffs do not provide even an inkling of an answer, nor can we procure one based on the facts alleged.[12] Plaintiffs

---

[12] Plaintiffs submitted to the Court the two complaints that Plaintiff Arroyo-Martínez filed with the EEOC and the resulting Letters of Determination containing the EEOC's conclusion. *See* Docket No. 20. While the EEOC did in fact find evidence of retaliatory behavior by Defendant Feliciano-Audiffred, the facts contained in those complaints and subsequent EEOC determinations conflict in important ways with the facts presented in the Amended Complaint such that we cannot rely on them to inform our judgment. The first complaint, filed on June 22, 2018, describes the harassment to which Plaintiff Arroyo-Martínez was subject at his prior school at the hands of directors Cherin Cintrón Serrano and Jose Fernandez. Docket No. 20, Ex. 2. The Letter of Determination based on that complaint states that Plaintiff Arroyo-Martínez was reinstated to his prior position, where he faced retaliatory conduct by Defendant Feliciano-Audiffred. Docket No. 20, Ex. 6. However, the Amended Complaint states that Plaintiff Arroyo-Martínez was placed at a new school, Manuel Méndez, of which Defendant Feliciano-Audiffred is the director. Docket No. 29, ¶ 11. This difference is significant because if the EEOC was acting on the belief that Plaintiff Arroyo-Martínez returned to his prior position at the *same school*, then there would be a more plausible causal nexus between the adverse employment conduct and the filing of the EEOC complaint. However, such are not the facts before us as plead in the Amended Complaint.

   In addition, the second EEOC complaint filed by Plaintiff Arroyo-Martínez, dated May 22, 2019, incorrectly states that his prior 2018 complaint described discrimination by Defendant Feliciano-Audiffred, when in fact it described discriminatory behavior by entirely different individuals. Docket No. 20, Ex. 4. Thus, the EEOC, in finding retaliatory behavior, may have been considering erroneous facts. In sum, we find these inconsistencies render the

themselves admit that the discriminatory behavior may have been because of his prior criminal record rather than because he filed charges with the EEOC. *See* Docket No. 29, ¶ 13 (alleging that Plaintiff Arroyo-Martínez was subject to discrimination "*either* as reprisal for having engaged in protected activities under Tile VII *or* because the Director and the School were prejudiced against [him] because he once had a criminal record" (emphasis added)). Thus, while we do not doubt that Plaintiffs have sufficiently pled that Plaintiff Arroyo-Martínez faced adverse employment actions, at least at the hands of certain of the Defendants, Plaintiffs have failed to make any showing that such conduct was due to Plaintiff Arroyo-Martínez's protected activity of filing a complaint against other parties with the EEOC. Viewed as a whole, without any connection between filing of the EEOC complaint and the adverse actions, there can be no retaliation claim. Accordingly, Plaintiffs' retaliation claims under Title VII are dismissed with prejudice.

E.  *State Law Claims*

Having dismissed all of Plaintiffs' federal law claims, all that remains are the pendent Puerto Rico state law claims, to

---

EEOC filings unreliable for purposes of this Opinion. Moreover, the right-to-sue letter filed with the Amended Complaint explicitly states that, while Plaintiff Arroyo-Martínez has the right to sue the PRDOE, the letter does not constitute a judgment on the merit of his charges, and therefore also does not alter this Opinion. Docket No. 29, Ex. 1.

The Letters of Determination name the PRDOE as respondents to both claims. Docket no. 20, Exs. 7, 8. Thus, the PRDOE may be the more appropriate party against whom to bring this action; however, given that it is not a party before us, we decline to comment on the merits of such a claim.

wit: violations of the Constitution of Puerto Rico and Article 1802 of the Puerto Rico Civil Code. Docket No 29, pg. 2. Dismissal of the anchoring federal law claims does not automatically deprive the district court of jurisdiction over the pendent state-law claims. *See lawless v. Steward Health Care System, LLC.*, 894 F.3d 9, 19 (1st Cir. 2018). However, in general, "the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." *Rodríguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). After dismissing the federal-law claims, the district court, in considering whether to exercise supplemental jurisdiction over the state-law claims, should consider a balance of factors: "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (noting that the weighing of these factors often will counsel in favor of declining jurisdiction over any remaining state-law claims). With these factors in mind, and because the state-law claims essentially mirror the federal-law claims, which were dismissed on the merits, we decline to extend discretionary supplemental jurisdiction over Plaintiffs' state-law claims, which are dismissed without prejudice.

### III. Conclusion

Having carefully examined the arguments raised by the parties, Defendants' Motion to Dismiss is granted.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of August, 2020.

S/ SILVIA CARREÑO-COLL

UNITED STATES DISTRICT COURT JUDGE